UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY L. SUMPTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07 CV 1407 HEA |
| ) | DDN |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the motions of petitioner Timmy L. Sumpter for appointment of counsel (Doc. 2), to stay related court proceedings (Doc. 3), and for judicial notice. (Doc. 4.)

Petitioner's entitlement to the appointment of counsel depends on several factors. These factors include the factual and legal complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006); Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000).

After considering these factors and the record in this case, the court concludes that the petitioner has clearly articulated his claims and stated the facts in support of those claims. The court believes that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Petitioner's motion to stay the state proceedings requests the court to stay any proceedings in the trial to determine if petitioner is a sexually violent predator, pursuant to Mo. Rev. Stat. § 632.492. (Doc. 3.) Pursuant to 28 U.S.C. § 2251(a)(1), this court is authorized to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." However, principles of comity and federalism dictate that federal habeas courts limit the scope of intrusion into state court proceedings. Williams v. Taylor, 529 U.S. 420, 436 (2000). Furthermore, there are questions in this case of whether petitioner has

met the requirement of exhausting state remedies. 28 U.S.C. § 2254(b); see Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

For the above reasons the court concludes that a stay of the described state court proceedings is not warranted. Since no stay is granted, the state court proceedings "shall be as valid as if no habeas corpus proceedings or appeal were pending." 28 U.S.C. § 2251(b).

In his motion for judicial notice, petitioner asserts that the limited legal resources available to petitioner at the Missouri Sex Offender Treatment Center supports his motion for appointment of counsel. (Doc. 4.) In support, petitioner cites Bounds v. Smith, 430 U.S. 817, 828 (1977), which held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

The Supreme Court, however, has subsequently limited the holding in Bounds, stating that it "did not create an abstract, freestanding right to a law library or legal assistance . . . ." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, Bounds promised "meaningful access to the courts." Bounds, 430 U.S. at 824. Providing a law library is simply one way of ensuring this requirement. Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007), petition for cert. filed, (Jan. 29, 2008) (No. 07-8973). Furthermore, petitioner would have to demonstrate that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. Alleging theoretical inadequacies is not enough; there must be some actual injury. Id.; Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Petitioner would have to show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement that the library's inadequacies prevented him from knowing, or that a library was so inadequate that it prevented him from filing a complaint for actionable harm at all. Lewis, 518 U.S. at 351.

In this case, petitioner has not demonstrated that any actual injury has resulted from any alleged inadequacies in the Missouri Sex Offender Treatment Center's legal resources. Petitioner has filed a

clearly drafted habeas petition and cited numerous statutes and cases in support of his position.  Petitioner has received "the meaningful access to the courts" that the law requires.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of petitioner for the appointment of counsel (Doc. 2) is denied.

**IT IS FURTHER ORDERED** that the motion of petitioner to stay related state court proceedings (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that the motion of petitioner for judicial notice (Doc. 4) is denied.


　　　　　　　　　　　　　　　　　　　／S／　　David D. Noce　　　
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on February 6, 2008.